IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JAMES D. JACOBS, ) | C/A No.: |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| RICHLAND COUNTY, RICHLAND COUNTY ) | (Jury Trial Demanded) |
| SHERIFF'S DEPARTMENT, LEON LOTT, ) | **Gross Negligence, SC Tort Claims Act,** |
| individually and in his official capacity ) | **Excessive Force & Reckless Indifference,** |
| as Richland County Sheriff and Deputies ) | **42 U.S.C. §§ 1983 and 1988** |
| JAMES GILBERT, RANDY DAVIS, JUSTIN ) | |
| MOODY, individually and each in his ) | |
| Official capacity as Richland County ) | |
| Deputy Sheriff, ) | |
| ) | |
| Defendants. ) | |

The Plaintiff, complaint of the Defendants herein, alleges as follows:

**PARTIES**

1. The Plaintiff JAMES D. JACOBS, (hereinafter referred to as PLAINTIFF) is a citizen and resident of the County of Scotland, State of North Carolina and domiciled therein.

2. Defendant RICHLAND COUNTY (hereinafter referred to as Defendant COUNTY) is a political subdivision for the State of South Carolina and is responsible for the acts and omissions of its employees.

3. Defendant RICHLAND COUNTY SHERIFF'S DEPARTMENT (hereinafter referred to as Defendant DEPARTMENT) is a political subdivision for the State of South Carolina and is responsible for the acts and omissions of its employees.

4. Defendants, Deputy Sheriff JAMES GILBERT, RANDY DAVIS and JUSTIN MOODY (hereinafter referred collectively to as Defendant DEPUTIES or singularly as DEPUTY GILBERT, DEPUTY

1

DAVIS, DEPUTY MOODY) were at all times relevant acting under color of law and in the course and scope of their duties as employee, agent and/or officer of Defendant Sheriff's Department and/or Defendant County of Richland, or at least were at the time of the alleged incident. They are sued in their individual capacities for compensatory and punitive damages under Federal Law.

5. Defendant Sheriff LEON LOTT (hereinafter referred to as Defendant SHERIFF) in his official capacity as Sheriff, had responsibility for the management, training and operation of said Sheriff's DEPARTMENT and was at all times responsible for the actions of all officers named herein. He is sued in his representative capacity as Sheriff pursuant to the South Carolina Tort Claims Act that makes the employing entity liable for the torts of its employees, SC. Code §15-78-70.

6. Plaintiff alleges Defendant Sheriff's DEPARTMENT and the Defendant COUNTY are liable for the acts and omissions of its employees for the negligence, gross negligence, recklessness and other liability forming conduct that caused harm to Plaintiff.

7. All Defendants were acting within the course and scope of their official duties as employees of the Defendant Sheriff's DEPARTMENT and Defendant COUNTY in relation to this claim.

8. Defendant DEPUTIES and SHERIFF were at all relevant times acting under color of state law and in the course and scope of their duties as officers and employees for Defendant Sheriff's DEPARTMENT and Defendant COUNTY. They are sued in their individual capacities for compensatory and punitive damages under Federal Law.

9. Defendant Sherriff's DEPARTMENT and Defendant COUNTY are political subdivisions for the State of South Carolina and/or some other type of entity that is responsible for the actions of its agents and employees. The Defendant DEPUTIES and SHERIFF were agents and/or employees of Defendant Sheriff's DEPARTMENT and Defendant COUNTY and at all times mentioned herein were acting within the scope and course of their employment.

10. Plaintiff is informed and believes that Defendant Sheriff's DEPARTMENT, COUNTY and SHERIFF had the right and/or power to direct and control the manner in which its employees and/or agents executed their duties.

11. The negligent and grossly negligent acts, omissions and liability forming conduct of all Defendants includes their agents, principals, employees and/or servants, both directly and vicariously, pursuant to principles of non-delegable duty, apparent authority, agency, ostensible agency and/or respondeat superior, and the acts and/or omissions of the above-named Defendants were the direct and proximate cause of the injuries, damages and losses to the Plaintiff.

12. All Defendants (public entities and individuals) are also sued under Federal Law and Federal Causes of Action.

13. Defendant COUNTY and Sheriff's DEPARTMENT and Defendant SHERIFF in his representative/official capacity are sued under State Law Causes of Action.

14. Punitive damages are not sought against Defendant COUNTY, Sheriff's DEPARTMENT or SHERIFF in his representative/official capacity for the State Law Causes of Action herein.

15. Punitive damages are sought against all Defendants sued under Federal Law.

**JURISDICTION AND VENUE**

16. This Court has jurisdiction over the parties to this action pursuant to Article V of the South Carolina Constitution, as well as S. Code Ann. §36-2-802 and §36-2-803.

17. Venue in this action is proper pursuant to S.C. Code Ann. §15-7-30, given that all events underlying this cause of action, and the Defendants' respective domiciles and offices are located in Richland County.

18. Jurisdiction is further founded – *inter alia* – upon South Carolina common law against Defendant DEPUTIES, Sheriff's DEPARTMENT, COUNTY and SHERIFF in his representative/official capacity as SHERIFF, pursuant to the South Carolina Tort Claims Act, S.C. Code §15-78-10 *et seq.*

19.     Plaintiff further invokes this Court's concurrent jurisdiction to hear claims under the Fourth and Fourteenth Amendments of the United States Constitution and brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the individually named Defendants.

## JOINT AND SEVERAL LIABILITY

20.     The above named non-state Tort claims Defendants are jointly and severally liable for all damages alleged herein, since their acts and omissions, singularly or in combination, are the direct and proximate cause of Plaintiff's damages, injuries and harms and losses.

## FACTUAL BACKGROUND

21.     On or about July 10, 2014, Plaintiff was driving on Windstone Drive in Richland County, South Carolina when he experienced a medically related blackout and ran off the roadway and struck a light pole.

22.     Defendant DEPUTY GILBERT approached the Plaintiff's vehicle at which time DEPUTIES DAVIS and MOODY were already on the scene to investigate the accident were attempting to remove Plaintiff from his vehicle.  At all times hereinafter mentioned, Plaintiff remained disoriented from both the medically related blackout and from the impact of the collision and was slow to respond.

23.     The aforementioned DEPUTY DAVIS utilized a muscling technique to remove the Plaintiff from the vehicle and to the ground.  When the DEPUTIES DAVIS and MOODY attempted to handcuff Plaintiff and Plaintiff refused to immediately comply by simply lying on his arm to avoid being handcuffed in a non-violent and non-threatening manner, Defendant DEPUTY GILBERT deployed his Taser Weapon in Plaintiff's abdomen approximately three (3) times to gain the Plaintiff's compliance.

24.     Defendant DEPUTIES further inflicted bodily harm on Plaintiff by way of rough and unnecessary physical tactics, amounting to excessive and unlawful force.

25. Plaintiff required medical treatment due to the excessive and unlawful Tasing by Defendant DEPUTY GILBERT and the physical attacks by Defendant DEPUTIES, resulting in injury to his neck, face, body and mouth for which he was transported by EMS to the hospital.

26. Plaintiff was charged with Public Disorderly Conduct and Simple Possession of Marijuana and said charges were subsequently discharged against the Plaintiff.

**GENERAL ALLEGATIONS OF FACT**

27. Plaintiff re-alleges and reiterates the preceding paragraphs, as if fully repeated verbatim herein.

28. Defendant Sheriff's DEPARTMENT has published written policies on the use of force and specifically the use of weapons by its law enforcement officers.

29. Upon information and belief, Defendants DEPUTIES was issued a copy of all department policies on the use of force and the use of weapons as part of their training and orientation with the Sheriff's DEPARTMENT before the occurrence of the incidents referred to herein.

30. Defendant DEPUTIES was required as a matter of law and policy by the COUNTY to comply with the COUNTY policies on the use of force and the use of weapons.

31. Tasers are not meant to force compliance when the subject does not pose a threat to anyone.

32. A Taser inflicts a painful and frightening blow, which temporarily paralyzes the large muscles of the body, rendering the victim helpless.

33. Tasers overwhelm neurotransmitters and prevent brain signals that control movement.

34. Tasers could possibly cause short term memory loss and a condition called metabolic acidosis, memory impairment, electrical interference with ECG reporting, inducing ventricular fibrillation, and possible death, according to the American Heart Association.

35. Multiple or prolonged shock induced by Tasers may increase the risk of adverse effects on the heart and respiratory system of the person upon whom the Taser is used.

36. Upon information and belief, the characteristics and potential for harm from the use of Tasers were known to all Defendants prior to the date of the incidents referred to herein.

37. There was no valid law enforcement purpose for the Defendant DEPUTY GILBERT to use his Taser weapon on the Plaintiff during their interaction. The use of the Taser by Defendant DEPUTY GILBERT was inconsistent with the constitutional rights of the Plaintiff, which requires a law enforcement officer to use force only as a last resort, in proportion to the threat posed, and in a manner designed to minimize pain or injury.

38. The use of the Taser on this occasion amounted to torture, cruel and inhumane treatment of the Plaintiff and degrading treatment of the Plaintiff.

39. Despite clear and obvious excessive force that Defendant DEPUTIES used against Plaintiff, Defendant SHERIFF and other policy-making authorities, including but not limited to COUNTY, did nothing to further investigate this wrongdoing, did nothing to punish and correct such improper behavior on the part of the Defendant DEPUTIES and upon information and belief, these Defendants have an unwritten policy to simply "look the other way" and are in fact deliberately indifferent to the past and current improper behavior of the Sheriff's Department Deputies or Officers.

40. This "looking the other way" by the 'powers that be' within the Sheriff's DEPARTMENT and the COUNTY fostered an environment where improper and unconstitutional conduct was condoned, tolerated and/or emboldened by Defendant SHERIFF and other policymaking authorities within the Sheriff's DEPARTMENT and the COUNTY.

41. Upon information and belief, these 'policymaking' Defendants were deliberately indifferent with respect to the failure to train officers such as Defendant Deputies in important types of

training such as "standard operating procedure" and other types of training including, but not limited to, the use of excessive force and search and seizure of presumed innocent citizens.

42. Defendant SHERIFF, Sheriff's DEPARTMENT and COUNTY allowed, condoned, encouraged, were deliberately indifferent, emboldened unconstitutional conduct and otherwise acted improperly and unconditionally with respect to the improper actions of its Officers.

43. Each Defendant acted under color of the laws, statutes, ordinances and regulations of the State of South Carolina at all times relevant herein.

44. All Defendants' conduct herein was contrary to generally accepted, reasonable law enforcement procedures, training and tactics and, caused damage to Plaintiff.

45. The acts and/or omissions, cited herein, by all Defendants were the direct and proximate cause of the injuries, damage and losses of the Plaintiff, including but not limited to, pain and suffering, shock, humiliation, shame, embarrassment and anxiety, past, current and future medical bills, lost wages and pain and suffering and other damages, both economic and non-economic, as may be learned during the discovery of this case.

46. The acts and/or omissions of the Defendants violated the following clearly established and well-settled Federal and State Constitutional rights of Plaintiff.

### FOR A FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 Improper Search & Seizure, Excessive Force & Due Process Violation)

47. Plaintiff re-alleges and reiterates the preceding paragraphs, as if fully repeated verbatim herein.

48. Upon information and belief, the actions of the Defendant DEPUTIES were in violation of the Sheriff's DEPARTMENT as to the use of force and the use of Taser weapons.

49. By the acts and omissions described herein, Defendants named in this cause of action violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly-established and well-settled

constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution:

    a.    Freedom from unreasonable search and seizures;

    b.    Freedom from excessive and unreasonable force;

    c.    Freedom from use of unlawful force, unlawful, reckless, deliberate indifference and conscience shocking deadly and/or excessive force;

    d.    Freedom from deprivation of liberty and injury without substantive due process and from state created/enhanced danger; and

    e.    Such other particulars as may be learned through discovery.

50. As a direct and proximate result of the Defendants' acts and/or omissions as set forth herein, Plaintiff has sustained physical injuries suffered as described herein as well as mental pain and suffering and psychological injuries from his encounter with Defendant DEPUTIES. He has received treatment for these mental and psychological injuries and will need additional treatment in the future for the same for an indefinite period.

51. The conduct of the Defendant DEPUTIES in their individual capacities entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and the South Carolina Code.

52. Plaintiff is also entitled to reasonable costs and attorneys fees under 42 U.S.C. § 1988 and applicable South Carolina Code and laws.

**FOR A SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983 Deliberate Indifference)**

53. Plaintiff re-alleges and reiterates the preceding paragraphs, as if fully repeated verbatim herein.

54. The unconstitutional actions and/or omissions of Defendants Sheriff's DEPARTMENT, the COUNTY and SHERIFF, as well as other officers employed by or acting in behalf of these Defendants, on information and belief, were pursuant to the following customs, policies, practices and/or

procedures of the Sheriff's DEPARTMENT, or COUNTY/STATE in the alternative, which were directed, encouraged, allowed and/or ratified by policymaking officers for said Sheriff's DEPARTMENT and the COUNTY/STATE:

   a.   To reach or tolerate the improper handling, investigation, arrest/seizure of a citizen;

   b.   To create unnecessary danger and risk of serious harm or death, with deliberate indifference to the citizens of                    ;

   c.   To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct;

   d.   To use or tolerate inadequate, deficient, and improper training for use of lethal force, arresting, investigating incidents, interrogations, questioning, and other use of conduct;  and

   e.   As may otherwise be learned during discovery in this case.

   55.   Defendant Sheriff's DEPARTMENT, the COUNTY and SHERIFF in his official capacity, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate and discipline officers of the Sheriff's DEPARTMENT with deliberate indifference to the Plaintiff's constitutional rights, which were thereby violated as described herein.

   56.   The unconstitutional actions and/or omissions of Defendant DEPUTIES and SHERIFF in his official capacity, and other Sheriff's DEPARTMENT officers, as described herein, were approved, tolerated, and/or ratified by policymaking officers for the Sheriff's DEPARTMENT and the COUNTY.

   57.   The details of this incident have since been revealed to the authorized policymakers within the Sheriff's DEPARTMENT and the COUNTY, and that such policymakers have direct knowledge of the improper actions.  Notwithstanding this knowledge, the authorized policymakers within the Sheriff's DEPARTMENT and the COUNTY have simply ignored these improper actions, have approved of Defendant DEPUTIES' actions, and have made a deliberate choice to endorsee this improper and

unconstitutional conduct. By so doing, the authorized policymakers within the Sheriff's DEPARTMENT and the COUNTY have shown affirmative agreement with the unlawful and excessive actions of the individual Defendants, and have ratified the unconstitutional acts of the Defendant DEPUTIES and/or Officers.

58.     The aforementioned customs, policies, practices and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate and discipline, were a moving force and/or proximate cause of the deprivation of Plaintiff's civil rights under the color of State and Federal Law to procedural and substantive due process and the clearly established and well settled constitutional rights in violation of 42 U.S.C. § 1983.

59.     Defendants in this case of action subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

60.     As a direct and proximate result of the unconstitutional actions, omission(s), customs, policies, practices and procedures of Defendants in this cause of action, Plaintiff sustained serious harms and losses and is entitled to damages, penalties, costs and attorney fees, including punitive damages.

**FOR A THIRD CAUSE OF ACTION**
**(Outrage)**
**(As to Defendant DEPUTIES)**

61.     Plaintiff re-alleges and reiterates the preceding paragraphs, as if fully repeated verbatim herein.

62.     The Defendant DEPUTIES acted willfully and wantonly when he knew in light of all the surrounding circumstances that his conduct would naturally and probably result in emotional distress and bodily harm to the Plaintiff, but continued such conduct with reckless disregard for the consequences.

63.     The conduct of the Defendant DEPUTIES was so outrageous in character and so extreme in degree as to go beyond all bounds of decency and should be regarded as atrocious and utterly intolerable in a civilized society.

64.     As a result of the outrageous conduct of the Defendant DEPUTIES, the Plaintiff has sustained physical injuries suffered as described herein as well as mental pain and suffering and psychological injuries from his encounter with Defendant DEPUTIES.  He has received treatment for these mental and psychological injuries and will need additional treatment in the future for the same for an indefinite period of time.

65.     The conduct of the Defendant DEPUTIES in their individual capacities entitles Plaintiff to actual damages, and for punitive damages and penalties allowable under the applicable South Carolina Code and laws in an amount to be determined by the jury, plus costs for this action.

**FOR A FOURTH CAUSE OF ACTION**
**(Common Law Battery)**
**(As to Defendant DEPUTIES)**

66.     Plaintiff re-alleges and reiterates the preceding paragraphs, as if fully repeated verbatim herein.

67.     The Defendant DEPUTIES conduct described herein amounts to common law battery.

68.     All the acts of the Defendant DEPUTIES was intentional and with the purpose of causing harmful or offensive contact with the person of the Plaintiff.

69.     The conduct of the Defendant DEPUTIES in their individual capacity entitles Plaintiff to actual damages, and for punitive damages and penalties allowable under the applicable South Carolina Code and laws in an amount to be determined by the jury, plus costs for this action.

**FOR A FIFTH CAUSE OF ACTION**
**(Negligence & Gross Negligence  - State Tort Claims Act)**
**(As to Defendant SHERIFF in his Official Capacity, Sheriff's DEPARTMENT & COUNTY)**

11

70. Plaintiff re-alleges and reiterates the preceding paragraphs, as if fully repeated verbatim herein.

71. Defendants above named in this cause of action departed from the duties of care required by law enforcement officers and the agencies that hire, train and employee these officers and were thereby negligent, careless, grossly negligent, reckless and acted in violation of the duties owed to Plaintiff in that they committed one or more of the following acts and/or omissions or commission, any or all of which were departments from the prevailing duties of care:

   a. In failing to ensure the safety and reputation of Plaintiff;

   b. In failing to appreciate the conditions that existed during the events in question;

   c. In failing to adhere to proper law enforcement procedures;

   d. In failing to possess probably cause in order to effectuate the arrest of Plaintiff;

   e. In failing to use discretion before, during and after the incident and consider other methods available to apprehend suspects;

   f. In failing to have in place proper and adequate policies, procedures and protocols for law enforcement officers to investigate allegations and reports, training of officers or, if such policies, procedures and protocols were in place, in failing to use due care to enforce them; and

   g. In such other particulars as may be otherwise learned during discovery in this case.

72. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness and departure from the duties of care owed by the above-referenced Defendants in this cause of action, Plaintiff was severely injured and has suffered severe and extreme emotional distress, anxiety, grief and sorrow and other harms and losses for which the Plaintiff is entitled to recover in an amount to be determined by a jury trial of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against all Defendants for all actual damages, consequential damages, and punitive damages in an amount to be determined by a jury at the trial of this action, as well as attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988, and for such other and further relief as this Court deems just and proper.

      /s/ J. Dwight Hudson
J. Dwight Hudson, USDC ID: 1993
HUDSON & GRAHAM LAW OFFICES
PO Box 70218
Myrtle Beach SC  29572
(843) 692-9889; Fax (843) 692-9190
hudsonlaw@hudsonlawoffice.com

Myrtle Beach, South Carolina
Dated:  November 29, 2018