IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James D. Jacobs, ) | C/A No.: 3:18-3216-SAL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Richland County; Richland County ) | |
| Sheriff's Department; Leon Lott, ) | REPORT AND |
| individually and in his official ) | RECOMMENDATION |
| capacity as Richland County ) | |
| Sheriff; Deputies James Gilbert, ) | |
| Randy Davis, and Justin Moody, ) | |
| individually and each in his official ) | |
| capacity as Richland County ) | |
| Deputy Sheriff, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on motion for judgment on the pleadings filed by Richland County, Richland County Sheriff's Department, Leon Lott, James Gilbert ("Gilbert"), Randy Davis ("Davis"), and Justin Moody ("Moody") (collectively, "Defendants") pursuant to Fed. R. Civ. P. 12(c). [ECF No. 25]. The motion has been fully briefed [ECF Nos. 25, 26, 29], and is ripe for disposition. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for the district judge's consideration.

For the reasons that follow, the undersigned recommends the district judge grant the motion for judgment on the pleadings.

I.    Factual and Procedural Background

James D. Jacobs ("Plaintiff") alleges that on or about July 10, 2014, he experienced a medically-related blackout while driving on Windstone Drive in Richland County, South Carolina. [ECF 1 ¶ 21]. He ran off the road and struck a light pole. *Id.* Plaintiff alleges that after Gilbert, Davis, and Moody arrived on the scene, Davis "utilized a muscling technique to remove Plaintiff from the vehicle and to the ground," Davis and Moody attempted to handcuff Plaintiff, and Gilbert deployed his taser weapon to Plaintiff's abdomen approximately three times to gain Plaintiff's compliance. *Id.* ¶¶ 22–23. Plaintiff alleges he was injured as a result of the unjustified tasing by Gilbert and physical attacks by Gilbert, Davis, and Moody. *Id.* ¶ 25.

On July 6, 2016, Plaintiff filed a personal injury suit in the Court of Common Pleas for Richland County, South Carolina, and Defendants removed that case to this court on October 7, 2016, in C/A No. 3:16-3337-TLW-SVH ("previous case").[1] After discovery had ensued, Plaintiff's counsel

---

[1] This court may take judicial notice of this case. *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir.

emailed Defendants' counsel stating "[a]s per our conversation, we are going to take the voluntary Nonsuit Without Prejudice." [ECF No. 26-1 at 4].[2] On December 7, 2017, the court entered the parties' stipulation of dismissal without prejudice, which states in full as follows:

> PURSUANT TO RULE 41(a)(1)(A)(ii), Federal Rules of Civil Procedure, and by and through their respective undersigned counsel, Plaintiff James D. Jacobs, and Defendants, Richland County; Richland County Sheriff's Department; Leon Lott, individually and in his official capacity as Richland County Sheriff; Deputies James Gilbert, Randy Davis, and Justin Moody, individually and each in his official capacity as Richland County Deputy Sheriffs, hereby stipulate to dismiss all causes of action against the named Defendants without prejudice.

*See id.* at 5.

Less than a year later, on November 19, 2018, Plaintiff's counsel contacted Defendants' counsel, stating: "I will be filing the enclosed Motion to Reopen or Restore in the above matter. Please take a look at it and let me know whether or not you can consent." *Id.* at 1. Defendants' counsel replied as follows: "Without looking at the rule, I don't believe that restoration is an

---

1954) (approving district court's taking judicial notice of prior suit with same parties).

[2] In considering a motion brought pursuant to Fed. R. Civ. Pro. 12(c), the court cannot consider matters outside the pleadings without converting the motion to one brought for summary judgment under Fed. R. Civ. Pro. 56. *See* Fed. R. Civ. Pro. 12(d). Although the court references matters outside the pleading in the above factual and procedural background section, this is done "for illustrative and background purposes only," and it is unnecessary to rely on these materials to resolve Defendants' motion. *See Occupy Columbia v. Haley*, 738 F.3d 107, 117 (4th Cir. 2013).

option in USDC. I believe there has to be a filing of a new summons and complaint. Please check me on that." *Id.*

Plaintiff filed the complaint in the instant case on November 29, 2018, alleging the same as had been alleged in the previous case and bringing the same claims pursuant to 42 U.S.C. § 1983 and South Carolina state law for improper search and seizure, excessive force, violation of due process, deliberate indifference, outrageous conduct, common law battery, negligence, and gross negligence. [ECF No. 1]. On April 3, 2019, Defendants filed their answer, raising the affirmative defense that Plaintiff's claims are barred by the statute of limitations. [ECF No. 19 ¶ 42]. On April 4, 2019, a scheduling order was entered providing for a discovery deadline of October 30, 2019, with dispositive motions due November 14, 2019. [ECF No. 20]. Defendants' counsel represents to the court that during the discovery period, "Plaintiff conducted no written discovery nor did he pursue any deposition of the parties or fact witness." [ECF No. 29 at 3].

On November 14, 2019, Defendants filed the instant motion for judgment on the pleadings, arguing Plaintiff's claims are barred by the statute of limitations. Plaintiff filed a response, arguing that because he had conferred "with opposing counsel about the need to dismiss the case pursuant to South Carolina law and procedure which allows a case to be struck and refiled within a year to preserve the Statute of Limitation, and based upon

the agreement of counsel," Plaintiff's case is not barred where "Plaintiff then filed this new action by way of restoring it in accord with South Carolina substantive law regarding the Statute of Limitations." [ECF No. 26 at 2 (citing SCRCP § 40(j))].

II.   Discussion

    A.   Legal Standard

After pleadings are closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia*, 738 F.3d at 115. To withstand a motion for judgment on the pleadings, a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "In resolving a motion pursuant to Rule 12(b)(6) or Rule 12(c), a district court may . . . consider a 'written instrument' attached as an exhibit to a pleading." *Occupy Columbia*, 738 F.3d at 116. Under Rule 10(c) "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

B.   Analysis

It is undisputed that there is no federal statute of limitation for actions brought under 42 U.S.C. § 1983, and that the analogous state law statute of limitations for personal injury applies. *See Owens v. Okure*, 488 U.S. 235, 240–41 (1989) ("Because § 1983 claims are best characterized as personal injury actions, . . . a State's personal injury statute of limitations should be applied to all § 1983 claims."). "A state's limitations and tolling rules are to be followed unless doing so defeat[s] either § 1983's chief goals of compensation and deterrence or its subsidiary goals of uniformity and federalism." *Battle v. Ledford*, 912 F.3d 708, 713 (4th Cir. 2019) (citation omitted).

"In South Carolina, the general or residual statute of limitations for personal injury claims is codified at S.C. Code Ann. § 15–3–530(5), which provides that the statute of limitations is three years for 'an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law . . . .'" *Williams v. City of Sumter Police Dep't*, C/A No. 3:09-2486, 2011 WL 723148, at *3 (D.S.C. Feb. 23, 2011); *see also* S.C. Code Ann. §15-78-110 ("[A]ny claim brought pursuant to [South Carolina Torts Claims Act] is forever barred unless an action is commenced within two years after the date of loss or . . . the action is commenced within three years of the date the loss was or should have been discovered.").

Plaintiff's causes of action accrued no later than July 10, 2014, the date of the alleged incident; therefore, the applicable limitations period expired no later than July 10, 2017, for Plaintiff's claims brought pursuant to § 1983, which is after Plaintiff filed his previous case, but before he filed the instant case.[3] Plaintiff filed the instant case on November 29, 2018, less than a year after the previous case had been dismissed.

Thus, Plaintiff's claims are time-barred unless the limitations period was extended by South Carolina's savings clause, which provides:

> Case Stricken From Docket by Agreement. A party may strike its complaint, counterclaim, cross-claim or third party claim from any docket one time as a matter of right, provided that all parties adverse to that claim, counterclaim, cross-claim or third party claim agree in writing that it may be stricken, and all further agree that *if the claim is restored upon motion made within 1 year of the date stricken, the statute of limitations shall be tolled* as to all consenting parties during the time the case is stricken, and any unexpired portion of the statute of limitations on the date the case was stricken shall remain and begin to run on the date that the claim is restored. A party moving to restore a case stricken from the docket shall provide all parties notice of the motion to restore at least 10 days before it is heard. Upon being restored, the case shall be placed on the General Docket and proceed from that date as provided in this rule.

SCRCP § 40(j) (emphasis added).

---

[3] Likewise, the applicable limitations period expired no later than July 10, 2016, for Plaintiff's claims brought pursuant to the South Carolina Torts Claims Act, which is also after Plaintiff filed his previous case, but before he filed the instant case.

In interpreting the meaning of the South Carolina Rules of Civil Procedure, courts apply the same rules of construction used to interpret statutes. *Green v. Lewis Truck Lines, Inc.*, 443 S.E.2d 906, 907 (S.C. 1994). If a rule's language is plain, unambiguous, and conveys a clear meaning, interpretation is unnecessary, and the stated meaning should be enforced. *See Knotts v. S.C. Dept. of Natural Resources*, 558 S.E.2d 511, 516 (S.C. 2002).

There is no dispute that Plaintiff did not file a motion to restore the previous case and instead filed a new case. However, the rule states that in order to restore a case stricken from a docket by agreement and take advantage of the tolling provision, a motion must be made. As has been stated by this court:

> Nothing in Rule 40(j) provides any alternative method for taking advantage of the tolling provision set forth in the rule. This Court cannot apply an interpretation of the rule that would stretch its tolling provision outside the boundaries of the rule. The tolling provision applies to actions restored within one year of being stricken. It does not apply to an entirely new case simply because it includes the same parties and same allegations as a stricken case. The Old Action and the present action are entirely separate cases. For these reasons, the Court is constrained to apply the applicable rules of statutory construction. The rule's language is applicable to restored cases and not new actions. Thus, the tolling provision provided in Rule 40(j) does not apply to this case.

*See Matthews v. Nationwide Mut. Fire Ins. Co.*, C/A No. 4:08-3613-TER, 2011 WL 13199128, at *4 (D.S.C. Sept. 30, 2011).

Additionally, the Fourth Circuit has addressed a rule similar to Rule 40(j). Under N.C. Gen. Stat. Ann. 1A-1, 41, with limitations not at issue here, if a plaintiff voluntarily dismisses an action, "a new action based on the same claim may be commenced within one year after such dismissal." N.C. Gen. Stat. Ann. 1A-1, 41(a)(1). The Fourth Circuit "perceive[ed] no inconsistency between federal policy and the tolling provision of Rule 41(a)(1)," holding that plaintiff is entitled to "take advantage of the provisions" of Rule 41(a)(1), "should he fit within that rule," and holding, under the facts of that case, plaintiff did not. *Cannon v. Exum*, No. 86-1019, 1986 WL 17225, at *2 (4th Cir. 1986) (citing *Scoggins v. Douglas*, 760 F.2d 535, 537–38 (4th Cir. 1985)). Here, too, Plaintiff does not fit within Rule 40(j).[4]

III.   Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' motion for judgment on the pleadings [ECF No. 25] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 2, 2020                                  Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

---

[4] Based on the holding above, it is unnecessary to address the parties' additional arguments as to whether SCRCP 40(j) otherwise applies in the instant case, Plaintiff's argument that Defendants' motion should be denied because of the "earlier understanding between counsel that was the basis for the prior dismissal," or Plaintiff's request for attorney's fees. [*See* ECF No. 26 at 2, 4].

The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).