IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| James D. Jacobs,<br><br>    Plaintiff,<br><br>v.<br><br>Richland County; Richland County Sheriff's Department; Leon Lott, individually and in his official capacity as Richland County Sheriff; Deputies James Gilbert, Randy Davis, and Justin Moody, individually and each in his official capacity as Richland County Deputy Sheriff,<br><br>    Defendants. | Case No.: 3:18-cv-03216-SAL<br><br>**OPINION AND ORDER** |

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings, ECF No. 25, filed on November 14, 2019. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, United States Magistrate Shiva V. Hodges issued a Report and Recommendation ("Report"), ECF No. 31, on March 2, 2020, recommending that Defendants' motion be granted. Plaintiff filed objections to the Report on March 13, 2020, ECF No. 32, and Defendants replied on April 17, 2020. ECF No. 35. For the following reasons, Plaintiffs objections are overruled, Defendants' motion is granted, and this action is dismissed as untimely.

**I.    Background**

This action arises out of Plaintiff's arrest, which occurred on or about July 10, 2014. *See* ECF No. 1. He asserts several claims under 42 U.S.C. § 1983 and state law, and the parties agree that the statute of limitations on any individual claim is no longer than three years. *See* S.C. Code Ann. § 15-3-530(5); *Owens v. Okure*, 488 U.S. 235, 236 (1989). The present action was filed on

1

November 29, 2018, and it is accordingly untimely unless the statute of limitations was tolled in the interim.

Plaintiff first filed suit in South Carolina state court on July 6, 2016, and Defendants removed that action to this Court on October 7, 2016. *See* C/A No. 3:16-cv-03337-TLW-SVH (D.S.C.). That action was voluntarily dismissed without prejudice by stipulation of the parties on December 7, 2017, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. *See id.* (ECF No. 30). On November 19, 2018, Plaintiff's counsel emailed Defendants' counsel seeking consent to a "Motion to Reopen or Restore" the case. ECF No. 26-1 at 1-2. Defendants' counsel replied, "[w]ithout looking at the rule, I don't believe that restoration is an option in USDC. I believe there has to be a filing of a new summons and complaint. Please check me on that." *Id.* at 1. Subsequently, Plaintiff initiated the present action by filing a new complaint on November 29, 2018. *See* ECF No. 1. In their answer, Defendants assert that Plaintiff's claims are barred by the statute of limitations. ECF No. 19 at ¶ 42. Defendants moved for judgment on the Pleadings on November 14, 2019, again asserting that this action is time-barred. ECF No. 25. In response, Plaintiff argues that this action is timely by operation of Rule 40(j), SCRCP, which provides as follows:

> A party may strike its complaint, counterclaim, cross-claim or third party claim from any docket one time as a matter of right, provided that all parties adverse to that claim, counterclaim, cross-claim or third party claim agree in writing that it may be stricken, and all further agree that if the claim is restored upon motion made within 1 year of the date stricken, the statute of limitations shall be tolled as to all consenting parties during the time the case is stricken, and any unexpired portion of the statute of limitations on the date the case was stricken shall remain and begin to run on the date that the claim is restored. A party moving to restore a case stricken from the docket shall provide all parties notice of the motion to restore at least 10 days before it is heard. Upon being restored, the case shall be placed on the General Docket and proceed from that date as provided in this rule.

The Magistrate Judge concluded that Rule 40(j) is inapplicable–and that Defendants' motion should be granted–because Plaintiff did not file a motion to restore as expressly required under the rule; rather, he filed an entirely new action. Accordingly, the Report concludes that Rule 40(j) does not, by its own terms, apply. *See* ECF No. 31 at 8-9. In objecting to the Report, Plaintiff argues that the "Federal Court's lack of a rule, instruction or procedure for restoring a case under a new case number creates a trap that deprives plaintiffs of the Statute of Limitations due process rights provided by state law and procedure." Finding no merit in Plaintiff's objections, the Court adopts the Report and grants Defendants' motion.

## II.     Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." The standard on a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *See, e.g.*, *Deutsche Bank Nat'l Trust Co. v. IRS*, 361 F. App'x 527, 529 (4th Cir. 2010). Accordingly, for a plaintiff to survive a motion for judgment on the pleadings, the complaint must contain sufficient facts to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In applying the foregoing standard, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not

required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

### III.   Discussion

Because the facts of this case fall squarely outside the plain terms of Rule 40(j), SCRCP, the statute of limitations is not tolled, Plaintiff's claims are untimely, and Defendants' motion is granted.

In his objections to the Report, Plaintiff does not contest the Magistrate Judge's conclusion that Rule 40(j), SCRCP does not apply to the facts of this case. Plaintiff's contention, rather, is essentially that it is inequitable to deny him the benefit of tolling under Rule 40(j), SCRCP, because he is unable, in federal court, to satisfy the conditions of the rule as he otherwise might have in state court. *See* ECF No. 32. He also asserts that the "failure of the Federal System to provide a stated procedure in South Carolina that restores cases" denies him due process of law. *Id.* at 4. First, to the extent Plaintiff's objection raises a due process claim, it is overruled. *See Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014) (deeming "perfunctory and undeveloped" claim waived) (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 n.7 (4th Cir.2006)). Second, Plaintiff misconstrues the nature of Rule 40(j) in a removal action. Although a federal court will generally apply state tolling rules in a § 1983 action, *see Battle v. Ledford*, 912 F.3d 708, 713 (4th Cir. 2019), a federal court is not thereby required to provide plaintiffs with a procedural mechanism contemplated only by a state procedural rule.

As discussed in the Report, *Matthews v. Nationwide Mut. Fire Ins. Co.*, C/A No. 4:08-

4

3613-TER, 2011 WL 13199128 (D.S.C. Sept. 30, 2011) acknowledged that Rule 40(j), SCRCP "does not apply to an entirely new case simply because it includes the same parties and same allegations . . . ." *Id.* at *4. Equating a new complaint with a motion to restore stricken claims would require ignoring the plain meaning of Rule 40(j), which this Court cannot do. *See Knotts v. S.C. Dept. of Nat. Res.*, 558 S.E.2d 511, 516 (S.C. 2002). Any claim of prejudice resulting from the lack of a procedural vehicle akin to Rule 40(j), SCRCP in the Federal Rules of Civil Procedure is hardly colorable when that fact could have been readily discovered beforehand.

**IV.     Conclusion**

After a thorough review of the Report, the objections, and the record in this case in accordance with the applicable standard, the Court adopts the Report, ECF No. 31, in its entirety. Accordingly, Defendants' Motion for Judgment on the Pleadings, ECF No. 25, is GRANTED and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

/s/ Sherri A. Lydon
United States District Judge

June 23, 2020

Florence, South Carolina